UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
:
**RONALD P. FRANK** : Case No. 1:07-bk-3387
**Debtor** :
: **Chapter 13**

## CHAPTER 13 PLAN

1. **Duration and Payment:**

    a. The Debtor(s) submits to the supervision and control of the Trustee all or such portion of earnings or other future income as is necessary to fund the Plan.

    b. The Plan proposes payments of **$125.00** per month for **60** months.

2. **Administrative Costs**

    a. Attorney's Fees: The attorney for the debtor(s) has received **$1,000.00** of the total base attorney fee of **$3,574.00**. The remainder of the base fee in the amount of **$2,574.00** shall be paid through the Plan by the trustee as a priority administrative claim.

    b. Trustee's Fees and Costs: From the payments described above, the Trustee shall be entitled to a percentage fee as set by the United States Trustee.

3. **Priority Claims under 11 U.S.C. § 507:** All claims entitled to priority under 11 U.S.C. Section 507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

4. **Secured Claims:**

    (a) **National City Mortgage Company (1st Mortgage); Homecomings Financial (2nd mortgage):** Current payments directly to creditor; arrearages, if any, paid to trustee and distributed pursuant to this Plan.

    1. The term "arrearages", for all purposes under this Plan, shall mean the amount of arrears stated in the aforesaid mortgage holders' proof of claim, unless the debtors at any time dispute the amount, in which case arrears will mean the amount ultimately decided by the Court or agreed to by the parties.

    2. The proof of claim/amended proof of claim filed by the creditor, and not objected to by the Debtor, or, in the absence of a timely filed proof claim by the creditor, a proof of claim filed by the Debtor on behalf of the creditor shall constitute a designation of the total amount owed to the creditor for purposes of determining full payment under the Plan. Filing of a proof of claim, or amended proof of claim, will be treated as its application for court approval of the itemized pre-discharge expenses contained therein.

    3. Pre-petition arrearages will be treated as separate secured claims by the trustee and the value of the claims will be paid by the trustee in equal monthly payments over the term of the Plan

    4. Section 524i Notice: Payments on such claims received by the holders/servicers from the trustee shall be applied to said arrearages and post-petition mortgage payments received by the holders/servicers from the Debtor(s) shall be applied to the post-petition account.

**\*\* SEE PLAN PROVISIONS RELATING TO MORTGAGE TREATMENT IN SECTION 7, HEREIN.**

    (b)    **Chrysler Credit (2000 Dodge 2500):** Current payments directly to creditor outside the plan. Arrearages, if any, paid by the trustee in the plan.

    **(c)**    **Bank of America (1997 Mallard Camping Trailer):** Payments by ex-wife directly to the creditor outside the plan.

**5.**    **Unsecured Claims:** Based on allowed claims filed, a pro rata distribution after payment of priority and secured claims.

**6.**    **Executory Contracts and Unexpired Leases:** The Debtors reject any creditor with an arbitration clause. The Debtors have no other leases.

**7.**    **General Provisions:**

    (a)    <u>Revestment of Property in Debtor</u>: Property of the estate shall vest in the Debtor upon the closing of the case. Until the case is closed, all assets of the Debtor are protected by the automatic stay.

    (b)    **Mortgage Payments: It is the specific intent of this Plan to cure pre-petition arrearages, make regular monthly payments on the mortgage(s) and approved fees and costs during the Plan term, and be current on their mortgage upon completion of the Plan. This goal is a material part of this Plan. In order to achieve this goal, Debtor provides as follows:**

        a.    **Confirmation of the Plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).**

        b.    **The secured creditor shall be prohibited from billing Debtor post-discharge for any predischarge expenses which were not disclosed to the Debtor in an amended proof of claim prior to discharge of the Debtor's Chapter 13 case and if not so claimed, such charges shall be waived upon completion of this Plan and may not be asserted thereafter. Furthermore, any such fees or costs disclosed in such an amended proof of claim prior to discharge are subject to the approval of the Court upon the application of the secured creditor.**

        c.    **Once the Debtor's Chapter 13 Plan is discharged then, upon that event, except for the regular monthly payment, all predischarge costs of collection, including attorney's fees and costs, and all other fees and miscellaneous charges of any secured creditor having a claim secured by a Deed of Trust shall be deemed paid in full.**

    (c)    <u>Property of the Estate</u>: Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

    (d)    <u>Consumer claims</u>: Confirmation of this Plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection

Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

(e) <u>Compliance with Pre-confirmation obligations</u>: Confirmation of this Plan shall constitute a finding by the Court that the Debtor(s) have fully complied with all of the required pre-confirmation obligations imposed by Title 11 of the United States Code, the Rules of Bankruptcy Procedure, the Local Rules of this Court, and all Administrative Orders and any other procedures related to the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

(f) <u>Consumer Claims</u>: Confirmation of this Plan shall constitute a finding that the Debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal statute or under state or federal common law.

(g) <u>Arbitration Clauses</u>: All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

(h) <u>Rejection of Credit Insurance</u>: Confirmation of this Plan shall constitute a rejection by the Debtor and therefore a termination and cancellation of any form of Credit Life Insurance, Credit Accident Insurance, Credit Health Insurance, or any obligation to pay any type of fee, charge, expense, bonus, service charge, or expense related thereto with any creditor listed in Schedules D, E, F, G, and H, or any amendments thereto, filed with this petition. Confirmation of this Plan shall also constitute the entry or an order requiring all such creditors to immediately apply any rebates or refunds for all unearned premiums or charges on such insurance to their allowed secured claims, if any, under this Plan and to file an amended proof of claim and to immediately turnover any excess rebates or refunds to the Debtor, if exempt, or to the Trustee for distribution under their Plan.

(i) <u>Rejection of Extended Service Agreements</u>: Confirmation of this Plan shall constitute a rejection by the Debtors, and, therefore, a termination and a cancellation of any and all contracts or obligations of the Debtors, for any form of Service Repair Contracts, Extended Warranty Contracts, or any service, warranty or repair contracts of any nature whatsoever with any creditor listed in Schedule D, E, F, G, and H, or any amendments thereto, filed with this petition, unless specifically assumed by this Plan. Confirmation of this Plan shall also constitute the entry or an order requiring all such creditors to immediately apply any rebates or refunds for all unearned premiums or charges on such contracts first to their allowed secured claims, if any, under this Plan and to file an amended proof of claim and to immediately turnover any excess rebates or refunds to the Debtor, if exempt, or to the Trustee for distribution under the Plan.

(j) <u>Objections to proofs of claims</u>: The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor(s) may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserve the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this Plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor also reserves to the estate or the Debtor(s) all claims or causes of action he may have, could have or might have based on any claim filed with the Trustee in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

(k) <u>Debtor's Standing to Bring Claims</u>: Confirmation of this Plan shall vest in the Debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of

action provided for under or arising out of Title 11 f the United States Code, including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

   (l) <u>Use of Debtor(s)' Property</u>: Debtors shall have sole right to use and possession thereof during the pendency of this case, including the right to use, sell or lease such property in the ordinary course of the Debtor's affairs.

   (m) <u>Money or property acquired during the pendency of the case</u>: Any money or property acquired while this case is pending shall be deemed exempt property of the debtors if exemptible, and shall be forthwith delivered to the Debtors.

**8.**  **Proposed Schedule of Distribution:**

  A. John P. Neblett, Esq. – Administrative Priority Claims

  B. Secured Claims

  C. Priority Claims

  D. All other claims as provided for herein.

I declare under penalty of perjury that the information provided in the Chapter 13 Plan is true and correct.

Dated: October 22, 2007

/s/ Ronald P. Frank
_____
**RONALD P. FRANK**

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated: October 22, 2007

/s/ John P. Neblett
_____
**JOHN P. NEBLETT**